**KARIN J. IMMERGUT, OSB #96314**
United States Attorney
District of Oregon
**DWIGHT C. HOLTON VSB #40767**
dwight.holton@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
        Attorney for United States

FILED'06 MAR 21 16:41 USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 06-90 (BR) |
| Plaintiff, ) | |
| v. ) | **PLEA AGREEMENT** |
| WEST HILLS ENTERPRISES, INC, ) | 42 U.S.C. §§ 7412(f)(4) & |
| Defendant. ) | (h) and 7413(c)(1) |

The United States of America, by Karin J. Immergut, through Assistant United States Attorney Dwight C. Holton, and defendant WEST HILLS ENTERPRISES, INC ("WEST HILLS") (also the "defendant"), by and through, and approved by its attorney, Stephen Houze, hereby enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11.

I.      **The Legal Background:**

1.      In order to limit the amount of air pollutants released into the environment, the Clean Air Act authorized the United States Environmental Protection Agency ("EPA") to establish national emission standards for hazardous air pollutants. In 1971, the Administrator of EPA determined asbestos to be a hazardous air pollutant. Asbestos continues to be listed as a hazardous air pollutant. (42 U.S.C. § 7412(a)(6) and (b)).

2. Where it is not feasible to prescribe and enforce emission standards for hazardous air pollutants, in lieu of such emission standards, EPA may promulgate work practice standards which require that certain procedures be followed when dealing with hazardous air pollutants. Work practice standards have been promulgated, in lieu of emission standards, for demolition or renovation of certain facilities containing asbestos and for the handling of asbestos-containing waste. (40 C.F.R. §§ 61.145 and 61.150). These work practice standards have the legal effect of emission standards. (42 U.S.C. § 7412(h)).

3. Regulated asbestos-containing material ("RACM") means any material, containing more than 1% asbestos, which is (a) friable, i.e., that can be crumbled, pulverized, or reduced to powder by hand pressure when dry, or that is (b) non-friable, but (i) that will or may be subject to sanding, grinding, cutting, or abrading, or (ii) which consists of otherwise non-friable material, in the form of packings, gaskets, resilient floor coverings, and asphalt roofing, which has become friable. (40 C.F.R. § 61.141).

4. "Demolition" means the wrecking or taking out of any load-supporting structural member of a facility together with any related handling operations or the intentional burning of any facility (40 C.F.R. § 61.141).

5. A "stationary source" is any building which emits or may emit a hazardous air pollutant. (40 C.F.R. § 61.2).

6. An "owner or operator" is a person, including a corporation, who owns, leases, operates, controls, or supervises a stationary source. (42 U.S.C. § 7412(a)(9)).

7. Asbestos work practice standards apply to any owner or operator of a facility who demolishes a building when the combined amount of regulated asbestos-containing material ("RACM") stripped, removed, dislodged, cut, drilled, or

PAGE 2 – PLEA AGREEMENT – United States v. WEST HILLS ENTERPRISES, INC.

similarly disturbed is at least 160 square feet. (40 C.F.R. § 61.145(a)(4)).

8. In order to determine which work practices will be required, the Regulations require an owner of a facility, prior to the commencement of a renovation, to thoroughly inspect the affected facility or part of the facility where the demolition or renovation operation will occur for the presence of asbestos, including Category I and Category II non-friable ACM. (Title 40, C.F.R. § 61.145 (a)).

9. The asbestos work practice standards define the appropriate procedures that the owner or operator of a renovation activity is to follow for the safe handling and removal of regulated asbestos-containing material during renovation so as to prevent emissions of particulate asbestos materials into the air. These work practice standards require, in pertinent part, that for facilities containing at least 260 linear feet or 160 square feet of RACM:

> (a) that at least 10 working days prior to beginning asbestos stripping or removal work, or any other activity that would break up, dislodge, or similarly disturb asbestos material, the owner or operator of the facility provide written notice to the EPA or their designated state representative, the Oregon Department of Environmental Quality. The notice must describe and identify the facility; include the name, address and telephone number of the facility owner and operator as well as the asbestos removal contractor; list the scheduled starting and completion dates of the demolition; describe the demolition and the methods to be used; describe the procedure employed to detect the presence of regulated asbestos-containing material that will be removed; and list the waste disposal site at which the asbestos waste will be deposited (40 C.F.R. § 61.145)

> (b) adequately wet asbestos-containing waste material at all times after demolition and keep wet during handling and loading for transport to a disposal site (40 C.F.R. § 61.150);

> (c) that, no regulated asbestos-containing material shall be stripped, removed, or otherwise handled or disturbed at a facility unless at least one on-site representative, such as a foreman or management-level representative, trained in the provisions of the asbestos demolition and renovation regulations and the means of complying with them, is present (40 C.F.R. § 61.145).

10.  The waste generator must also dispose of all asbestos-containing waste material as soon as practical at proper waste disposal sites, as specified by work practice standards, and must assure that shipments of such waste to the disposal site are properly marked. (40 C.F.R. §§ 61.150(b) and (c)).

11.  The Clean Air Act makes it a criminal offense to violate any of the above-described work practice standards set by EPA pursuant to Title 42, United States Code, Section 7412(h). (42 U.S.C. §§ 7412(f)(4) and (h) and 7413(c)(1)).

## II. **The Charges:**

12.  In September 2004, the defendant WEST HILLS was the owner and operator of a stationary source, namely, a commercial property located at 730 Liberty Road in Salem, Oregon, which contained thousands of square feet of asbestos-containing building materials, including roofing, insulation, and sheet vinyl. Between approximately September 1, 2004 and September 30, 2004, in the District of Oregon, the defendant WEST HILLS knowingly violated applicable work practice standards by demolishing the commercial property located at 730 Liberty road by

> (a) failing to provide written notice to the EPA Administrator or the Oregon Department of Environmental Quality of his intention to renovate the premises, the methods to be used in his renovation, and the waste disposal site where the asbestos waste would be deposited;
>
> (b) failing to comply with required procedures for asbestos emission control by adequately wetting all regulated asbestos-containing material and ensuring that it remained wet until collected and contained and treated in preparation for disposal;
>
> (c) failing to have at least one on-site representative, trained in the provisions of the asbestos renovation regulations and the means of complying with them, present while regulated asbestos-containing material was stripped, removed, and otherwise handled and disturbed at the facility; and,

      (d) failing to dispose of all asbestos-containing waste material as soon as practical at proper waste disposal sites and properly marking the shipments of such asbestos-containing waste material,

all in violation of Title 42, United States Code, Sections 7412(f)(4) and (h); Title 42, United States Code, 7413(c)(1).

### III. Elements of the Offense:

13.    The government must prove

    (a) that the defendant WEST HILLS ENTERPRISES, INC was the owner or operator,

    (b) of a demolition operation, namely, the demolition of 730 Liberty Avenue in Salem, Oregon.

    (c) and that the defendant knowingly failed to comply with a work practice standard or waste disposal standard set forth in 40 C.F.R. § 61.145 or § 61.150.

### IV. Penalties:

14.    The statute to which WEST HILLS is pleading guilty carries the following penalties:

    (a) <u>Probation</u>: minimum term of 1 year, maximum term of 5 years (18 U.S.C. § 3561(c)(1)

    (b) <u>Fine</u>: maximum fine of $500,000 (18 U.S.C. § 3571(c)(3)

    (c) <u>Special Assessment</u>: $400.00 (18 U.S.C. § 3013)

### V. Sentencing Agreement:

15.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and in light of the defendant's acceptance of responsibility and expenditures in order to ensure proper disposal of the unlawfully removed asbestos, the Office of the United States Attorney for the District of Oregon and the defendant WEST HILLS agree to recommend that the

PAGE 5 – PLEA AGREEMENT – <u>United States v. WEST HILLS ENTERPRISES, INC.</u>

Court impose the following sentence:

  a. **Fine:** WEST HILLS shall pay a fine in the total amount of $45,000. Payment of the fine shall be made prior to or at the time of sentencing.

  b. **Probation:** WEST HILLS, its successors and assigns shall be placed on probation for a period of two years. As a condition of probation, agents of the Environmental Protection Agency Criminal Investigations Division shall have right to enter and inspect any development, demolition or building project operated by defendant WEST HILLS at any time without probable cause, so long as such entry does not unreasonably interfere with WEST HILLS' operations.

  c. **Community Service:** As noted above, the parties agree that the defendant shall pay a total fine amount of $45,000. The United States will petition the Court at the time of sentencing to order WEST HILLS to pay the total fine amount, $45,000, in community service pursuant to USSG § 8B1.3 and in furtherance of the sentencing principles provided in 18 U.S.C. § 3553(a), for the purpose of funding projects for the benefit, preservation, and restoration of the environment and ecosystems in Oregon. Specifically, the United States will petition the Court to have WEST HILLS deposit the community service payment into the Oregon Governor's Fund for the Environment, a sustained granting fund established to benefit the coastal areas and rivers and streams passing through the District of Oregon. WEST HILLS shall support the government's petition. The Oregon Governor's Fund for the Environment is administered by the National Fish & Wildlife Foundation, a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 3701-3709. The community service ordered in this case shall be used by the Governor's Fund for the Environment to augment its distribution in its next round of grants. Because the community service payments are

PAGE 6 – PLEA AGREEMENT – United States v. WEST HILLS ENTERPRISES, INC.

designated as community service by an organization, defendant further agrees that it will not seek any reduction in their tax obligations as a result of these community service payments. In addition, since these payments constitute community service, defendant will not characterize, publicize or refer to these community service payments as voluntary donations or contributions.

VI.     **Corporate Authorization**: WEST HILLS will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors of WEST HILLS with appropriate seals, certifying that defendant is authorized to enter into and comply with all provisions of this agreement. The resolution shall further certify that the President of WEST HILLS and his designees are authorized to take these actions and that all corporate formalities, including, but not limited to, approval by WEST HILLS directors-required for such authorization have been observed. WEST HILLS agrees that it has authorized to the President of WEST HLLS and his designees to appear on behalf of defendant in the District of Oregon.

VII.    **Express Waiver of Right to Appeal Guilty Plea and Sentence**: WEST HILLS agrees that if the Court imposes the sentence recommended by the parties under this agreement, it waives its right to appeal its plea and the sentence, and waives its right to collaterally attack the conviction and sentence.

VIII.   **Completeness of Agreement**: The parties agree that this plea agreement is the only agreement between the United States Attorney's Office for the District of Oregon and WEST HILLS concerning this matter. This plea agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in a written agreement that is signed by all parties. No other promises or inducements have

PAGE 7 – PLEA AGREEMENT – United States v. WEST HILLS ENTERPRISES, INC.

been or will be made to the defendant by the parties to this agreement in connection with this case, nor have any predictions or threats been made in connection with this plea.

DATED this 3rd day of March, 2006.

KARIN J. IMMERGUT
United States Attorney
District of Oregon

by. _____    3/3/2006
　　DWIGHT C. HOLTON                    Date
　　Assistant United States Attorney

WEST HILLS ENTERPRISES, INC.

by: _____    3/21/06
　　Ken Roberston                       Date

APPROVED:

_____        3/21/06
STEPHEN HOUZE                          Date
Attorney for WEST HILLS

PAGE 8 – PLEA AGREEMENT – United States v. WEST HILLS ENTERPRISES, INC.